# United States Court of Appeals for the Fifth Circuit

No. 25-30037
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2025

Lyle W. Cayce
Clerk

George Cooper,

*Plaintiff—Appellant*,

*versus*

Stryker Corporation,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:24-CV-737

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

This appeal presents issues related to a medical device and product liability. Plaintiff-Appellant George Cooper sued Defendant-Appellee Stryker Corporation claiming a failed knee implant. We hold that the complaint fails to state a claim upon which relief can be granted. Accordingly, the judgment of the district court is AFFIRMED.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30037

Cooper's counseled complaint alleges that he underwent a knee replacement surgery in December 2022. He further states that the knee implant, produced by Stryker, caused him pain and complications that never healed. As a result, Cooper underwent a repeat surgery to replace the implant. The implant also was produced by Stryker. Cooper later discovered that the Food and Drug Administration, on May 30, 2023, issued a recall for the Stryker implant. The reason listed for the recall was "Mislabeled." Cooper says that he was not notified of the recall.

We begin our review by pointing out a basic principle: "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up).

Here, nothing in Cooper's complaint alleges facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). His allegations are only a recitation of the elements and that "the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. *Iqbal* instructs us to dismiss such a complaint. Cooper makes no attempt to demonstrate that Stryker's alleged negligence, i.e., the mislabeling of his implant, was the cause of any injury to him. Instead, he only asserts that Stryker caused him pain, suffering, and other damages. In other words, his complaint fails to suggest more than a "sheer possibility" that his claims have merit. *Id.* Thus, the district court was correct to dismiss his complaint for

No. 25-30037

failure to state a claim upon which relief can be granted.[1] Accordingly, the judgment of the district court dismissing the complaint is, for all purposes,

AFFIRMED.

_____

[1] Insofar as Cooper's counseled brief argues that the district court erred by failing to allow an opportunity to cure, we affirm because the Magistrate's Report and Recommendation clearly provided Cooper an opportunity to cure his complaint's defects.